**\*E-Filed 3/1/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-0778 RS |
| Plaintiff, | **ORDER OF CLARIFICATION** |
| v. | |
| JODY FONTENOT, | |
| Defendant. | |

At a status hearing held on March 1, 2010, defense counsel sought clarification of an Order issued on February 11, 2011, denying defendant's motion to suppress. Defense counsel understandably pointed out an ambiguity in a sentence appearing in the third paragraph of the section titled "Arrest or Investigatory Stop." The sentence reads: "Even assuming Fontenot did not raise his hands sufficiently high the first time he was told to do so, there is no real question that a reasonable person would have felt free to disregard Toomey completely and "walk away." A citation follows. The intended meaning of the sentence is that, under the circumstances, a reasonable person would *not* have felt free to disregard the officer and walk away. The import of the paragraph is to establish that Fontenot was indeed "stopped," triggering, at the very least, a requirement of reasonable suspicion. The subsequent paragraphs then analyze whether the facts suggested the stop escalated into an arrest. Finding that it did not, the Order next addresses whether the search and ensuing seizure could be supported under the reasonable suspicion standard.

IT IS SO ORDERED.

Dated: 3/1/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE